UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DOUGLAS J. BREDEN,       § | CIVIL ACTION NO.: |
|    Plaintiff,       § | |
| § | |
| v.       § | |
| § | |
| RAY MABUS,       § | |
|   in his official capacity as       § | |
|   Secretary of the Navy,       § | |
|    Defendant.       § | A JURY IS DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Our nation's disability laws were enacted to combat the prejudice and stereotypes that took jobs away from good employees simply because of disabilities. Rather than set an example of respect for these laws, the defendant ignored the mandates of the Rehabilitation Act. The defendant revoked its job offer, removed Plaintiff from the work he had been performing, and denied him a promotion because of his disability, even though the disability did not affect Plaintiff's ability to perform the essential functions of the job.

### JURISDICTION AND VENUE

1.      This case is brought pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, et seq. ("Rehabilitation Act"). This Court has jurisdiction of this case according to 28 U.S.C. § 1331.

2.      Venue is invoked pursuant to 28 U.S.C. § 1391.

### PARTIES

3.      The plaintiff, Douglas J. Breden, is an adult resident of Kingsville, Kleberg County, Texas.

4.      The defendant, Ray Mabus, is the United States Secretary of the Navy and is

sued in his capacity as head of a department in the executive branch of the Federal Government within the meaning of 29 U.S.C. §§ 791 and 794. The defendant may be served with process at his business address, Ray Mabus, Office of the Secretary of the Navy, 1000 Navy Pentagon, Room 4D652, Washington, DC 20350. A copy of this complaint is also served on the United States Attorney for the Southern District of Texas and Loretta Lynch, Attorney General of the United States.

## STATEMENT OF FACTS

5.     The plaintiff, Douglas Breden, is a civilian employee of the U.S. Navy, who sought to work for the Navy as a forklift operator, actually performed this work for the Navy from 2008 until 2010, but was ultimately denied the job. Mr. Breden was well-qualified for this position thanks to his long record of service to our nation's military. He was a service-member in the Army for six years, then worked as a civilian employee of the Army and two other agencies within the Department of Defense (DOD) for more than twenty years before moving to Texas to work for the Navy in 2008. He worked as a fully certified forklift operator for the DOD for 23 years, from 1985 to 2008. He held forklift operator licenses from the Army, the Defense Logistics Agency, and the Defense Commissary Agency to operate indoor and outdoor forklifts as well as scissor lifts. Mr. Breden maintained a sterling safety and performance record throughout his more than two decades of forklift and scissor lift operation.

6.     In 2008, Mr. Breden began working at the Naval Air Station in Kingsville, Texas. Hired as a Materials Handler (Forklift Operator), his job description included work as a warehouseman and forklift operator. He was qualified to do this work and he successfully worked as a warehouseman and forklift operator until he was removed from

forklift operation in May of 2010. In 2012, Mr. Breden again applied and was selected for a forklift job. Although he was selected for the job and his supervisors approved of his work, the Navy decided that he did not meet the its hearing standards for forklift operators and recommended that he be kept in a different position with lower pay.

7. Like many former service-members and employees of the armed forces, the plaintiff has some hearing loss due to his years of exposure to weapons and heavy machinery. Mr. Breden successfully manages this disability through the use of state of the art hearing aids. Though his hearing loss predated his 25 years of work operating forklifts, there has never been any hint that Mr. Breden's hearing caused any issues with his safety or performance as a forklift operator. Despite Mr. Breden's demonstrated ability to perform all the essential functions of the job, the Navy claimed that Mr. Breden's hearing loss justified its refusal to allow him to work as a forklift operator.

8. The hearing standards imposed by the Navy on the forklift operator position are entirely illogical and a black letter violation of Section 504 of the Rehabilitation Act, which incorporates the ADA's prohibition against standards which "tend to screen out an individual with a disability," in this case, hearing loss. 42 U.S.C. § 12112(b)(6). The Navy argues, without any medical or scientific basis, that its hearing standards are necessary for safety. Even though there were no other people in the small warehouse where Mr. Breden worked, the Navy claimed that he needed to be able to hear soft sounds such as pedestrians and other vehicles in order to avoid collisions. It took this position despite the fact that Federal Occupational Health (FOH) considers forklift operation to be a loud, "hazardous noise environment" and instructs operators to use hearing protection. In other words, forklifts make a lot of noise and FOH instructs

operators to block out that noise. Contrary to the Navy's position that forklift operators need excellent hearing, forklift operators around the country *wear earplugs or other hearing protection while on the job*, and forklift safety measures are almost entirely visual: warning signs and flashing lights. The only audible safety measures, such as a beeping noise when the forklift backs up, are meant to warn bystanders, not the forklift operator himself. Thus, the Navy's hearing standards have no safety benefit, but simply act to unlawfully screen out qualified individuals with disabilities, such as the plaintiff.

9.   In order to enforce its hearing standards, the Navy inflicted repeated unlawful medical examinations upon the plaintiff. These hearing tests bore no relation to the requirements of plaintiff's job or to any business necessity, and were unlawful under Section 504 of the Rehabilitation Act, which incorporates the ADA's prohibition on unlawful medical examinations. 42 U.S.C. § 12112(d)(4)(A). Although Mr. Breden routinely wears hearing aids to correct his hearing loss, the Navy repeatedly refused to test his hearing with these hearing aids in place. It used the results of these tests to reject Mr. Breden for the forklift operator position, even though these tests were not compatible with the Navy's own hearing standards, which call for testing via a pure tone audiogram with hearing aids in place. Mr. Breden's treating audiologist did not agree with the Navy's conclusion. He explained that Mr. Breden's hearing was corrected by hearing aids and that with these aids Mr. Breden was able to perform all the essential functions of his job. Eventually, the Navy did test Mr. Breden with hearing aids in place, but even then the Navy failed to perform the test prescribed by its own standards, a pure tone audiogram. So determined was the Navy physician to reject Mr. Breden that it branded

him not only as having defective hearing, but as having defective vision as well. Of course, his vision not defective at all but is 20/20 (corrected) with normal color vision, as Mr. Breden's treating opthalmologist confirmed.

10. As a result of the Navy physician's recommendations, the Navy withdrew its job offer for the forklift operator and material expediter position. Although Mr. Breden had already been successfully performing the forklift operator job for years, even without the title and increased pay, this record of success was not considered. He was rejected as unqualified despite his proven ability to perform all the essential functions of the job. This caused significant damage to Mr. Breden, resulting in a lower rate of pay and benefits, as well as denying him opportunities for further advancement. He must be made whole.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Mr. Breden exhausted his administrative remedies. He received notice of his right to sue and timely files this lawsuit.

## CLAIMS FOR RELIEF

12. Plaintiff is a qualified individual with an actual disability, a hearing impairment corrected by hearing aids. Alternatively, Defendant regarded him as having a disability, impaired hearing and/or impaired vision. Plaintiff is fully qualified to perform the job of Material Expediter (Forklift), but has been denied the right to do so. This adverse employment action is due to the Navy's fears, prejudices, and misperceptions.

13. Although the Plaintiff was fully able to perform the job as a forklift operator without any accommodation, to the extent that the Navy considered him unqualified to perform the essential functions of the job due to his hearing loss, the Navy failed and

refused to provide him any reasonable accommodations, such as the installation of visual warnings.

14.     The hearing standards, which Defendant used to disqualify Plaintiff, constituted unlawful qualification standards.

15.     The medical examinations which Defendant employed to enforce its hearing standards were unlawful.

16.     Defendant's actions as set forth above caused Plaintiff's damages and constitute a violation of the Rehabilitation Act, 29 U.S.C. §§ 791, *et seq.*

## RELIEF REQUESTED

WHEREFORE, plaintiff Douglas Breden respectfully requests that the Court enter a judgment:

(a)     Declaring that the acts and practices complained of in this Complaint are in violation of the Rehabilitation Act of 1973;

(b)     Enjoining and permanently restraining these violations of law;

(c)     Directing the defendant to make Plaintiff whole, including but not limited to instatement to the Material Expediter position and/or front pay, and awarding appropriate back pay and benefits, compensatory damages, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

(d)     Awarding the plaintiff pre-judgment interest on the amounts collected as allowed by law;

(e)     Awarding the plaintiff the costs of this action, together with reasonable attorney and expert witness fees;

(f)     Awarding the plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

(g)     Awarding the plaintiff such other relief, legal or equitable, as may be warranted. ,

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mr. Breden demands a trial by jury in this action.

Dated: August 28, 2015                Respectfully submitted,

_____
John Griffin, Jr.
Texas Bar No. 08460300
203 North Liberty Street
Victoria, Texas 77901
Telephone:   361-573-5500
Fax:              361-573-5040

Katherine L. Butler
Texas Bar No. 03526300
1007 Heights Boulevard
Houston, Texas 77008
Telephone:   713-526-5677
Fax:              888-370-5038

*Attorneys for Plaintiff Douglas Breden*